IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.

**FRANK BOSWELL (01)**,

                Defendant.

Case No. 15-40086-01-DDC

**MEMORANDUM AND ORDER
DENYING MOTION TO TERMINATE SUPERVISED RELEASE**

Pro se defendant Frank Boswell[1] has moved to terminate his term of supervised release (TSR).  *See* Doc. 474.  In short form, on July 21, 2017, Mr. Boswell entered a guilty plea (Doc. 325) to conspiracy to commit sex by force, fraud, or coercion, violating 18 U.S.C. § 1594(c).  On November 6, 2017, the court sentenced Mr. Boswell to imprisonment for 46 months and five years of supervised release.  Doc. 360 at 2–3.  The United States asserts that Mr. Boswell's arrest followed years of him running a prostitution organization, controlling as many as 20 commercial sex workers—including a 17-year-old minor—through threats or controlled substances.  Doc. 476 at 2.

Mr. Boswell began his TSR in March of 2021.  Doc. 474 at 2.  The United States opposes Mr. Boswell's current motion to terminate that term (Doc. 476).  The controlling statute required

---

[1]    Because defendant proceeds pro se, the court construes his filings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

the court to impose a term of at least five years of supervised release for defendants guilty of conspiracy to commit sex by force, fraud, or coercion. 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release for any offense under . . . section 1591, 1594(c) . . . is any term of years not less than 5, or life."). Despite this obligation at sentencing, the court nonetheless can terminate supervised release before defendant has served five years. *See United States v. Cottom*, 688 F. Supp. 3d 65, 69–70 (W.D.N.Y. 2023) (rejecting government's argument that § 3583(k) precludes courts from considering "relevant § 3553(a) factors in cases where the request for early termination would cut the term of supervised release below the five-year minimum" and collecting cases). The government acknowledges that "early termination is not statutorily prohibited here," but nevertheless urges the court to consider "Congress's mandate[.]" Doc. 476 at 7.

       The court has substantial discretion when it decides whether to terminate a TSR earlier than its natural expiration. *See* 18 U.S.C. § 3583(e)(1). The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'" *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)). After considering the pertinent factors identified in § 3553(a), the court concludes that those factors, on balance, simply don't support termination at this early stage. Nonetheless, the court hopes that Mr. Boswell will continue his positive trend and, if he does, will consider a renewed motion once he successfully completes more time on supervision. While the court is pleased to learn that Mr. Boswell is performing well on supervision, the crime of conviction is simply too serious and the danger to the public is simply too profound to discontinue supervision after just 40 months. Regrettably, the court properly can't establish a definitive, forward-looking length of supervision that might justify a renewed

motion.  But the court can conclude that 40 months is too soon to terminate a 60-month TSR given this defendant's characteristics and history.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Frank Boswell's Motion for Early Termination of Supervised Release (Doc. 474) is denied for reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 19th day of July, 2024, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**